UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CHANELLE M. VAVASSEUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF INDIANA, CLARK COUNTY, | ) | CASE NO. 4:09-cv-0072-DFH-WGH |
| INDIANA, CLARK CIRCUIT COURT, and | ) | |
| DANIEL MOORE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JEREMY SNELLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 4:09-cv-0073-DFH-WGH |
| STATE OF INDIANA, CLARK COUNTY, | ) | |
| INDIANA, CLARK CIRCUIT COURT, and | ) | |
| DANIEL MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON CLARK COUNTY'S MOTIONS TO DISMISS

In these two cases, plaintiffs Chanelle Vavasseur and Jeremy Snelling allege that a newly elected judge of the Clark Circuit Court fired them from their jobs as clerks of the court based on their political affiliation. Plaintiffs sued as defendants the State of Indiana, Clark County, the Clark Circuit Court, and Judge Daniel Moore. Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of their First Amendment rights. Plaintiff Vavasseur also alleges that the judge's decision

was racially discriminatory in violation of her equal protection rights under the Fourteenth Amendment.

The state defendants (the State, the court, and Judge Moore) removed both actions to this court with the consent of the county. Before removal, defendant Clark County had filed motions to dismiss for failure to state a claim upon which relief can be granted. The parties seem to agree that under Indiana law, the court has the power to hire and fire deputy clerks. The county argued in its motions that the plaintiffs were employees of the circuit court, which is an arm of the state, and that the county is not a proper defendant.

The county relies on *State ex rel. McClure v. Marion Superior Court*, 158 N.E.2d 264 (Ind. 1959), in which the Supreme Court held that the Governor has the power to fill vacancies in the office of circuit court clerk, which is established by Article 6, section 2 of the Indiana Constitution. The court finds only limited guidance in that opinion for a dispute over employment of deputy clerks.

Although the court hires and fires, the county pays the employees of the circuit court clerk. Plaintiffs rely on *Knoebel v. Clark County Superior Court No. 1*, 901 N.E.2d 529 (Ind. App. 2009), which held that both the court and the county were proper defendants when another court employee who was paid by the

county, a probation officer, sued for back pay under state law.[1]  See also *Braddock v. Madison County*, 34 F. Supp. 2d 1098, 1107-09 (S.D. Ind. 1998) (holding under federal Fair Labor Standards Act that court reporters and bailiff could recover unpaid overtime wages from county, which also qualified as an employer under FLSA).

Both the county and the plaintiffs assert that the law is so clearly on their respective sides that the court should order the other side to pay attorney fees for frivolous claims (says the county) or frivolous motions to dismiss (say plaintiffs). The court does not find Indiana law on the question as transparent as either side claims it is. *Knoebel* lends support to plaintiffs' view, even if the principal targets of the lawsuits are the decisions by the circuit judge to fire both plaintiffs. Perhaps *Knoebel* might be distinguished from this case on several grounds: the plaintiff was a probation officer rather than a clerk; the plaintiff relied only on state law rather than federal law; and the plaintiff challenged only a decision

---

[1]To complicate matters a little further, plaintiffs cite Indiana Code § 33-23-4-6(b), which provides that judges of a court may appoint additional personnel to assist the court administrator, and that the salaries of the additional personnel shall be paid by the county on the order of the committee of judges.  That statute applies only to counties with a population of more than 100,000 in the last decennial census.  See Ind. Code § 33-23-4-2.  The census bureau reports that the population of Clark County now appears to be above 100,000, but was below that level in the last decennial census.  See http://quickfacts.census.gov/qfd/states/18/18019.html (last visited August 14, 2009).  On that reasoning the statute would not appear to apply to Clark County, but perhaps the parties will be able to add information later.  Perhaps Indiana Code § 5-6-1-3(a) may be useful.  It authorizes state officials, including the clerk of a circuit court, to appoint deputies "if provision shall have been made for paying such deputies for their services from the funds of the state or of the county or from fees received for their services."

about pay levels rather than a termination. Whether any of those differences might matter is not clear from the court's opinion in *Knoebel*.

For now, with an undeveloped record on both the relevant facts and the law, the court denies both pending motions to dismiss filed by the county when the case was still in state court. The court also denies all parties' requests for attorney fees on the question of the county's role as a defendant. The county shall file answers to the complaints **no later than September 6, 2009**.

So ordered.

Date: August 17, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles Gregory Fifer
APPLEGATE & FIFER
gfifer@amflawyers.com

Richard R. Fox
409 Bank Street
New Albany, IN 47150

Corinne T.W. Gilchrist
OFFICE OF THE ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov